JAMES E. FLOOD, CLERK OF THE CIVIL COURT OF RECORD, IN AND FOR DADE COUNTY, FLORIDA, *Plaintiff in Error*, v. STATE OF FLORIDA, EX REL. HOMELAND COMPANY, A FLORIDA CORPORATION, *Defendant in Error*.

Division B.

Opinion Filed June 6, 1928.

Petition for Rehearing Denied August 1, 1928.

1004

*Bart A. Riley, A. B. & C. C. Small,* and *Price, Price, Neeley & Kehoe,* for Plaintiff in Error.

*Carl T. Hoffman* and *L. L. Robinson,* for Defendant in Error.

BUFORD, J.—The defendant in error, who was relator in the court below, filed in the Circuit Court of Dade County, Florida, petition for an alternative writ of mandamus against the plaintiff in error, who was respondent in the

court below. The petition was granted and the alternative writ issued. On motion by the respondent to quash the writ a peremptory writ of mandamus issued. Respondent took writ of error to this Court.

Petition was brought to test the validity of Chapter 12004, Acts of 1927, which is as follows:

"An Act Providing for the Payment, Collection and Use of a Docket Fee to be Charged and Collected in Certain Civil Cases in all Those Counties of the State of Florida which Constitute, of Themselves, an Entire Judicial Circuit and in Which There Shall be Now or Hereafter Authorized and Provided for by Law Three or More Judges for the Circuit Court of Such Circuit and for the Taxation of Such Docket Fee as Cost.

*Be It Enacted by the Legislature of the State of Florida:*

"Section 1. That wherever in this State a single county shall constitute an entire judicial circuit, and for which circuit there shall have been authorized and provided or shall hereafter be authorized and provided, three or more circuit judges for the circuit court thereof, there shall, in addition to all other costs prescribed by law, be charged and collected by the Clerk of the Circuit Court and by the Clerk of the Civil Court of Record, in such counties, upon institution of any and all suits in chancery therein or any and all suits at law therein in which the amount or value in controversy shall exceed Five Hundred Dollars a docket fee of Ten Dollars ($10.00) in each case, which fee shall be paid such clerk by or in behalf of the plaintiff in any such suit upon the institution thereof; such docket fee to be charged as costs as in the case of other costs chargeable therein.

"Sec. 2. It shall be the duty of the clerk of said court to keep strict account of all such docket fees so paid, and,

between the first and tenth days of each calendar month, to file with the Board of County Commissioners of such county a written report setting forth all payments so made, the cases in which paid, the date of such payment and the aggregate amount of money so paid during the next preceding calendar month, and it shall likewise be the duty of such clerk, between the first and tenth days of each month, to pay to such bank or other depository as said Board of County Commissioners may designate and into a special fund, hereby created, to be known as the Docket Fee Fund, all monies so received by such clerk for the then next preceding calendar month.

''Sec. 3. It shall be the duty of such Board of County Commissioners to cause said monies so paid into said fund to be expended for the establishment and maintenance of an adequate public law library, to be located in the county court house of such county, the said library to be conducted under such rules and regulations as the Board of County Commissioners of such county shall, from time to time, prescribe, and in the payment of legitimate claims against such county for the conduct and operation of the courts therein, so far as said fund so collected shall suffice or be necessary, any balance remaining thereafter to be used and applied as said board may from time to time deem best for general county purposes.

''Sec. 4. All laws and parts of law in conflict herewith are hereby repealed.

''Sec. 5. This Act shall take effect immediately upon its becoming a law.''

The validity of the Act is attacked upon several grounds. We feel, however, that it is only necessary to consider one objection which is presented.

The first question which arises is ''Is this so-called Docket Fee in fact a fee, or is it a tax?'' A fee as defined by 12

American & English Encyclopedia of Law, 889, is "A reward or wages given to one as compensation for his labor and trouble for the execution of his office. * * *" A fee is defined by Webster's New International Dictionary as "tribute to a superior; a charge fixed by law for the services of a public officer or for the use of a privilege under control of the Government; pay, wages, salary; reward or compensation for services rendered or to be rendered; a charge for special services which people are compelled to accept; a charge for special services which people are not compelled to accept, unless they choose." It is also said by the latter authority, "The chief difference between the two things (assessment and fee) is that an assessment is levied once for all to meet some extraordinary expense, while fees are charged for services which are constantly recurring in the ordinary course of relations between a Government and its subjects. A tax, as defined by Webster's New International Dictionary, is "a charge, a pecuniary burden imposed by authority specific, a charge or burden usually pecuniary relating to persons or property for public purposes; a forced contribution of wealth to meet the public need of the Government. A sum imposed or levied upon the members of society to defray its expenses; to exact money for the support of Government." A tax is defined in American & English Encyclopedia of Law, 578, as "Burdens or charges imposed by legislative authority on persons or property to raise money for public purposes."

Reverting to the Act here under consideration, we find that it provides that in all counties coming within the purview of the Act that the Clerk of the Circuit Court and the Clerk of the Civil Court of Record shall be paid upon the institution of any and all suits in chancery and in any and all suits at law in which the amount or value in controversy

shall exceed $500.00 a docket fee of $10.00 in each case, which fee is required to be paid by the plaintiff upon the institution of the suit. The Act further provides that the clerk shall keep a strict account of the docket fees so charged and collected and shall render a report between the first and tenth days of each calendar month to the Board of County Commissioners setting forth all payments so made, the cases in which the same were paid, the date of payment and the aggregate amount of money so paid during the preceding calendar month. The clerk is required to deposit all this money in a bank or other depository designated by the Board of County Commissioners to constitute a special fund to be known as the Docket Fee Fund.

The Act then provides:

"It shall be the duty of such Board of County Commissioners to cause said monies so paid into said fund to be expended for the establishment and maintenance of an adequate public law library, to be located in the county court house of such county, the said library to be conducted under such rules and regulations as the Board of County Commissioners of such county shall, from time to time, prescribe, and in the payment of legitimate claims against such county for the conduct and operations of the courts therein, so far as said funds so collected shall suffice or be necessary, any balance remaining thereafter to be used and applied as said Board may from time to time deem best for general county purposes."

It is clear that to call this a fee is a misnomer. It is a tax levied and collected for a county purpose, if the establishment of a law library may be considered a county purpose. No part of the so-called fee is appropriated for the payment of any services rendered by the clerk rendering the service in the case.

Section 4 of the Bill of Rights of the State of Florida is as follows:

"All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay."

The provisions of the above quoted Act of the Legislature are clearly repugnant to this section of the Bill of Rights. The Act is clearly an attempt to levy a tax on those who must bring their causes into court and to require the payment of such tax for the benefit of the public treasury and is an abrogation of the administration of right and justice. The Supreme Court of North Dakota in the case of Malin *et al.* v. LaMoure County, reported in 145 N. W. 582, in construing a similar statute, say:

"We realize that the clause of the Magna Charta to the effect, *'Nulli vendimus, nulli negabimux aut differimus justitiam vel rectum,'* and which we have paraphrased in our Constitution (Sec. 22, Art. 1) into "All courts shall be open, and every man for any injury done him in his lands, goods, person or reputation shall have remedy by due process of law, and right and justice administered without sale, denial or delay," has generally been construed not to prohibit the imposition of reasonable court costs and was aimed rather against the selling of justice by magistrates themselves, that is to say, bribery, than the imposition of reasonable fees. See Northern Counties Investment Trust v. Sears, 30 Or. 388, 41 Pac. 931, 35 L. R. A. 192; Harrison v. Willis, 7 Heisk. (Tenn.) 46, 19 Am. Rep. 604; Townsend v. Townsend, Peck (Tenn.) 15, 14 Am. Dec. 722. We are quite satisfied, however, that prior to the adoption of the North Dakota Constitution the meaning had extended its original boundary, and that the provisions which are to be

1010

found in the Constitutions of all the states were aimed not merely against the selling of justice by the magistrates, but by the state itself; in other words, that a free and reasonable access to the courts and to the privileges accorded by the courts, and without unreasonable charges, was intended to be guaranteed to every one."

We concur in the opinion so expressed by that court as to the meaning of like language used in our Bill of Rights. It, therefore, becomes unnecessary for us to consider any of the other questions presented. The judgment of the circuit court should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.