238 So.2d 589 (1970)
STATE of Florida, Appellant,
v.
Phillip YOUNG, Appellee.
No. 39270.
Supreme Court of Florida.
May 27, 1970.
Rehearing Denied June 25, 1970.
Earl Faircloth, Atty. Gen., and Robert J. Kelly, Deputy Atty. Gen., for appellant.
James M. Wallace, W. Bradenton, for appellee.
CARLTON, Justice.
The single issue presented in this direct appeal brought by the State is the constitutionality of Section 14, Chapter 69-111, Fla. Stat. Appellee, defendant below, was convicted of a traffic offense by the Court of Record, Manatee County, and upon adjudication of guilt, a fine of $30.00, and costs, or ten days in the county jail, was imposed upon him. He was also assessed one dollar in accordance with Section 14, supra.
After consideration of appellee's objection to this latter assessment on constitutional grounds, the trial judge entered an order pronouncing Section 14 null and void principally because allegedly violative of the separation of powers doctrine found in Article II, Section 3, Fla. Const. (1968), F.S.A. The initial judgment was then revised so as to delete reference to the levy of the Section 14 assessment. We reverse the order from which this appeal is taken.
Section 14, Chapter 69-111, Fla. Stat. reads as follows:
"Every court created by the constitution of Florida or by legislative act shall assess one dollar ($1.00) as a court cost against every person convicted for violation of a state penal or criminal statute or convicted for violation of a municipal or county ordinance. In addition one dollar ($1.00) from every bond estreature or forfeited bail bond related to such penal statutes or penal ordinances shall be forwarded to the state treasurer *590 as hereinafter described; with the exception, that no such assessment shall be made against any person convicted for violation of any state statute, municipal ordinance or county ordinance relating to the parking of vehicles. All such costs collected by the aforesaid courts shall be deposited in the state treasury to the credit of the general revenue fund, as may be prescribed by rules promulgated by the governing board of the Florida bureau of law enforcement upon recommendation of the commissioner of such bureau."
Appellee has marshalled his arguments supporting the Court of Record order carefully. He has cited cases wherein enactments placing assessments on the docketing of suits have been struck down as impediments on the right to free access to the courts. Flood v. State, ex rel. Homeland Co., 95 Fla. 1003, 117 So. 385 (1928); Malin v. La Moure County, 27 N.D. 140, 145 N.W. 582 (1916). He has cited cases where relatively similar enactments have been invalidated because the courts have construed the assessments to be taxes; for example, Ex parte Coffelt, 93 Okla. Cr. 343, 228 P.2d 199 (1951). And citation has been made to cases wherein enactments declaring an assessment to be a court cost have been nullified because in reality no relationship existed between the assessments and the costs actually incurred through litigation; for example, Ex parte Carson, 143 Tex.Cr.R. 498, 159 S.W.2d 126 (1942).
Appellant, on the other hand, has structured its arguments primarily upon public policy considerations, although some citation has been made to cases in which similar enactments have been upheld; for example, People v. Norman, 252 Cal. App.2d 381, 60 Cal. Rptr. 609 (1967).
Our review of the cases convinces us that judicial treatment of assessments connected with litigation has been variant on the facts and the nature of the assessment. In Flood v. State, ex rel. Homeland Co., supra, for example, we were concerned that a docket fee, which had no relation to the costs leading to litigation or arising from it, was in reality a direct tax levied upon whoever would seek entrance to the courts. Here, however, a different situation obtains. The assessment contemplated by Section 14 is levied only after a conviction has been secured in cases not civil in nature. It is not unreasonable that one who stands convicted of such an offense should be made to share in the improvement of the agencies that society has had to employ in defense against the very acts for which he has been convicted. We perceive here a direct relationship absent in Flood and similar cases cited by appellee.
The assessment being an acceptable court cost and not a tax, and there being no violation of the separation of powers doctrine, the order appealed from must be, and hereby is, reversed, and this cause is remanded for further treatment consistent with this opinion.
It is so ordered.
ERVIN, C.J., and ROBERTS, ADKINS and BOYD, JJ., concur.