On Rehearing
OVERTON, Justice.
This case is before the court on direct appeal from a final order of the county court, Broward County, which held unconstitutional section 812.14, Florida Statutes (1977), concerning trespass and larceny with relation to utility or cable television fixtures.[1] We hereby vacate our original opinion which simply affirmed the trial court order on the basis of MacMillan v. State, 358 So.2d 547 (Fla.1978), without reference to the other issues in the case.[2]
After an investigation that included the seizure of his electric meter, appellee, Pe-truzzelli, was charged with larceny of electricity in violation of sections 812.14(3)-(4), Florida Statutes (1977). The county court granted the appellee’s motion to dismiss and held the statute unconstitutional for two reasons. First, that the statute created a presumption of intent in violation of Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). Second, that the statute included a civil remedy as well as a criminal penalty and encompassed larceny as well as trespass, both contrary to article III, section 6, Florida Constitution, which limits laws to “one subject and matter properly connected therewith.” The trial court also held that the evidence seized by agents of the utility should be suppressed because the utility’s agents were effectively acting as agents of the state and did not have a search warrant.
With reference to the first issue, this Court held in MacMillan v. State that section 812.14(3) created an unconstitutional *15 presumption of intent. The state does not challenge that portion of the trial court order which is consistent with MacMillan, but does challenge that portion of the trial court order which invalidated the entire statute for its alleged violation of the one-subject limitation of article III, section 6, Florida Constitution.
The state contends that the proscription of both larceny and trespass by this statute'is in accordance with the purposes of the constitution: to assure adequate notice of the subject matter of the legislation and to avoid surprise and fraud upon the public. State v. McDonald, 857 So.2d 405, 407 (Fla.1978). Furthermore, the state alleges that the civil remedy included in this otherwise criminal statute is reasonably necessary to the law’s purpose.
We agree. The subject of this statute is the willful alteration of, attachment to, or interference with specific fixtures of utility and cable television companies. Multiple sanctions against prohibited conduct are not unique.[3] The title of the statute gives adequate notice of its inclusion of larceny, trespass, a civil remedy, and a criminal penalty.[4] Each provision of the law is fairly and naturally germane to the subject expressed in the title, Boyer v. Black, 154 Fla. 723, 18 So.2d 886 (Fla.1944); Smith v. Chase, 91 Fla. 1044, 109 So. 94 (1926); the several provisions are all necessary to achieve the purpose of the legislation, and all provisions are naturally and legally connected to one another. State v. Lee, 856 So.2d 276 (Fla.1978); Board of Pub. Instr. v. Doran, 224 So.2d 693 (Fla.1969). Cf. Floridians Against Casino Takeover v. Let’s Help Florida, 363 So.2d 337 (Fla.1978); Weber v. Smathers, 338 So.2d 819 (Fla.1976) (interpreting article XI, section 3, Florida Constitution, which limits constitutional amendments prepared by popular initiative to “one subject and matter directly connected therewith”).
The state also alleges that the trial court erred in finding that an illegal search and seizure had occurred. The trial judge premised this holding on his finding that the utility’s agents are essentially agents of the state when they investigate current diversion.
In our view, it is unnecessary to decide the state action question because, even assuming state action, the appellee’s substantive fourth amendment rights were not violated by the utility’s seizure of the electric meter. The electric meter is not his property, and he has granted the utility an easement to enter his property, read and inspect the meter, and remove and replace the meter when necessary. In other words, Petruzzelli had no legitimate expectation of privacy which was infringed by the seizure of the meter. See Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).
The portion of the trial court order holding that the statute created an unconstitutional presumption of intent is affirmed. The remainder of the order, which held that section 812.14 violates article III, section 6, Florida Constitution, and that an illegal search and seizure had occurred, is reversed, and the case is remanded for further proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, SUNDBERG and ALDERMAN, JJ., concur.

. State v. Petruzzelh, No. 77-13304MM10 (Broward Ct. Ct. April 4, 1978).

. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and Florida Rule of Appellate Procedure 9.330.

. E.g., § 318.14(3), misdemeanor in noncriminal traffic violations; § 943.464, civil remedy in Racketeer Influenced and Corrupt Organization Act; §§ 545.08-.12, forfeiture of charter rights, injunction, civil remedy, and criminal penalty for violation of Combination Restricting Financing of Motor Vehicles Act; §§ 517.21-23, .302, civil and criminal penalties for violations of Sale of Securities Laws.

. The title of the act reads:
AN ACT relating to criminal trespass and larceny; creating s. 810.095, Florida Statutes; defining ‘utility’; prohibiting certain willful acts of alteration of, attachment to, or interference with certain utility or cable television service and or community antenna line service fixtures or using electricity, gas or water or other specified services from such altered fixtures; providing a presumption of intent; providing a penalty; providing an exemption; providing liability for damages in a civil action; providing an effective date.
Ch. 76-64, Laws of Fla.