The Honorable Joan M. Heggen Secretary Department of Veteran and Community Affairs 2571 Executive Center Circle, East Tallahassee, Florida 32301
Dear Secretary Heggen:
This in response to your request for an opinion on substantially the following question:
 DO THE FOLLOWING SPECIAL ACTS; i.e., CHS. 61-2130, 61-2045, 69-936, 57-1790, 74-431, 75-328, AND 57-1118, LAWS OF FLORIDA, PROVIDING FOR ESTABLISHMENT, OPERATION, AND MAINTENANCE OF CERTAIN COUNTY LAW LIBRARIES CREATE INDEPENDENT SPECIAL DISTRICTS SUBJECT TO THE SPECIAL DISTRICTS DISCLOSURE ACT OF 1979, CH. 189, F.S.?
It was necessary to rephrase your question in order to specify the enabling acts that have been examined in determining whether an `independent special district' subject to the provisions of Ch.189, F.S., has been created. This office is unable to state penerally or conclusively that all county law libraries, or the entities created to establish, operate, and maintain all county law libraries, are or are not independent special districts subject to the provisions of Ch. 189, F.S., without examining the enabling legislation of each, whether created by special law or county ordinance. However, this office has examined the random sample of special acts cited in your letter as containing the similar language that all special acts providing for the establishment, operation, and maintenance of county law libraries generally contained and has found that a general scheme or similarity does exist among the seven special acts. Therefore, it is hoped that by answering conclusively in regard to the seven special acts above cited, your office will be able to make an independent determination in the future regarding the remaining special acts or ordinances similarly structured.
The Special Districts Disclosure Act of 1979, Ch. 189, F.S., provides in s 189.003(1), F.S., that the meaning of the terms `special district' and `independent special district' for purposes of Ch. 189 shall be the same as those provided in s 218.31, F.S. The initial determination that must be made in response to your inquiry is whether the special acts cited above providing for the establishment, operation, and maintenance of certain law libraries create `special districts' within the definitional purview of s218.31. Section 218.31(5), F.S., provides as follows:
 `Special district' means a local unit of special government, except district school boards and community college districts, created pursuant to general or special law for the purpose of performing prescribed specialized functions, including urban service functions, within limited boundaries.
If the special acts do not create special districts within the definitional purview of $218,31(5), supra, it will not be necessary to consider whether the same create independent or dependent special districts as defined in ss 218.31(7) and218.31(6), F.S., respectively, bacause necessarily incorporated therein is definition of `special districts' as set out in toto above.
None of the special acts above cited or any amendments thereto purport to create or establish a law library district or a special district of any character or description. Rather, to operate and maintain the law libraries, four of the acts create a `board of trustees,' see, Ch. 57-1118, Laws of Florida, as amended by Ch. 79-426, Laws of Florida; Ch. 57-1790, Laws of Florida, as amended by Ch. 71-895, Laws of Florida; Chs. 61-2045 and 74-431, Laws of Florida; two of the acts create `law library boards,' see, Ch. 61-2130, Laws of Florida, as amended by Chs. 69-1048 and 72-533, Laws of Florida; and Ch. 75-328, Laws of Florida; and one act creates a `law library commission,' see, Ch. 69-936, Laws of Florida, as amended by Ch. 70-629, Laws of Florida. By way of example, cf., Ch. 65-1289, Laws of Florida, which in express terms does in fact create a `library district to be known as the Merritt Island public library district' stating with particularity its limited boundaries in s 1, Ch. 65-1289, supra. Cf. also, Ch. 76-240, Laws of Florida, which amended s 1, Ch. 67-1869, Laws of Florida, to clarify intent to create a special taxing district known as the Palm Beach County Free Public Library Special Taxing District.
Moreover, it does not appear that the special acts at issue herein create `a local unit of special government . . . within limited boundaries.' Rather, it appears that the special acts are simply creating an agency or instrumentality of the respective county governments to carry out a county-wide function and purpose. All of the special acts at issue herein speak in varying language to the necessity and desirability that there be available to the general public and to the judges, county officials, attorneys and officers of the several courts of each respective county a central and adequate law library to help insure the proper and efficient administration of justice. The acts declare the establishment and maintenance of the law library to be a public need and for a general and lawful county purpose. As stated in Farabee v. Board of Trustees, Lee County Law Library, 254 So.2d 1, 5 (Fla. 1971):
 Few courts in this state could operate without an adequate law library. More importantly, a public law library is open to and serves the needs of all persons throughout the county, rich and poor alike. . . . It is essential to the administration of justice today . . . .
See also, s 125.01(1)(f), F.S., which acknowledges that one of the functions and powers of county government is to provide libraries. In short, the above declarations regarding the necessity and desirability that there be available to the general public a central and adequate law library to help insure throughout the county the proper and expedient administration of justice coupled with the absence of a legislative proclamation creating or establishing the aforementioned boards or commission as special districts, makes it appear, for the purposes of this opinion, that the boards of trustees, law library boards, and law library commission are simply autonomous or semi-autonomous agencies or instrumentalities of the respective county governments.
In AGO 073-424, it was necessary for this office to analyze the provisions of Ch. 61-2130, Laws of Florida, as amended, in order to determine whether the librarian employed by the Escambia County Law Library Board for the Law Library of Escambia County was a county employee for workers' compensation purposes. After careful analysis it was concluded that the central law library was a county purpose and a county function and also an institution of the county. Moreover, it was opined that the Law Library Board of said county was an agency or instrumentality of the county carrying out a county function and purpose. Adopting the same analysis for the purpose of this opinion, it does not appear that the special acts governing the Law Library Board of Escambia County create or establish said law library or law library board as a library district or special district of any character, description, or denomination, but rather merely create an agency or instrumentality of Escambia County government. I am therefore compelled to conclude that the special acts providing for the establishment, operation, and maintenance of the law library in Escambia County do not create a special district within the definitional purview of s 218.31(5), F.S., subject to or required to comply with the provisions of the Special Districts Disclosure Act of 1979, Ch. 189, F.S. However, for purposes of the Uniform Local Government Financial Management Reporting Act, Part III, Ch.218, F.S., and particularly s 218.32, F.S., the financial report or statement of the operations and financial conditions of the Law Library Board of Escambia County, being an agency or instrumentality of the county, should be included within and reported as an integral or component part of the county's annual financial report. Cf., AGO 080-41, in which it was concluded that neither the Lakeland General Hospital nor the Municipal Hospital Board of the City of Lakeland was created or established by law as a hospital district or a special district of any character or description and therefore were not special districts within the purview of s 218.31(5), F.S., subject to the provisions of Ch.189, F.S.; and AGO 080-30, in which it was concluded that the Lake Worth Utilities Authority was not a special district as that term is defined in s 218.31(5), F.S., but rather was a part and unit of the government of the City of Lake Worth and therefore an agency or unit of the city government whose financial report or statement of operations and financial condition should be contained in and reported as an integral or component part of the city's annual financial report.
In conclusion, after examination of the remaining special acts and amendments thereto providing for the establishment, operation, and maintenance of certain other county law libraries, I am compelled to conclude based on the language utilized in each special act that special districts within the definitional purview of s218.31(5), F.S., and subject to the provisions of the Special Districts Disclosure Act, Ch. 189, F.S., are not created. Rather, the aforesaid special acts simply provide for the creation of an agency or instrumentality of the respective county governments at issue herein for the purpose of carrying out a county-wide function and purpose. As simply agencies or instrumentalities of the respective county governments, the financial report or statement of the operations and financial conditions of the law libraries should be included within and reported as an integral or component part of the counties' annual financial report required pursuant to s 218.32, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General