SCHEB, Acting Chief Judge.
This appeal by the state challenges a county court order declaring section 843.-185 (renumbered section 843.035, Florida Statutes [Supp.1982]), unconstitutional. The court held that the act creating section 843.185 violates Article III, section 6, of the Florida Constitution in that it embraces two subject matters bearing no reasonable relationship to one another. We have jurisdiction pursuant to Article V, section 4(b)(1), Florida Constitution; section 26.-012(1), Florida Statutes (1981); and Florida Rule of Appellate Procedure 9.030(b)(1)(A). We reverse.
The state filed an amended information charging Timothy Bunnell with obstruction of justice by giving false information in violation of section 843.185. The offense allegedly occurred on August 25, 1982, when Bunnell was stopped and arrested by a St. Petersburg police officer for driving with an expired tag and without a valid driver’s license.
Bunnell filed a motion to dismiss contending that section 843.185 was unconstitutional because its enactment violated the “one subject” requirement of Article III, section 6, of the Florida Constitution.[1] After examining submitted memoranda of law and hearing argument of counsel, the county court granted the motion and ruled:
It is readily apparent to even a casual observer that chapter 82-150 embraces two subject matters that bear no reasonable relationship with each other. The establishment of a crime for obstructing justice by giving false information (name or address) is not naturally germane to the establishment of a Florida Council on Criminal Justice. (Citation omitted.) The two subject matters are not properly connected to be covered under the general heading of “The Criminal Justice System.”
We conclude the county court erred in striking down section 843.185 and dismissing the state’s amended information against Bunnell.
Section 843.185 was initially passed by the legislature as a part of Chapter 82-150, Laws of Florida, and became effective July 1, 1982. The title of Chapter 82-150 reads:
An act relating to the Florida Council on Criminal Justice; creating s. 843.185, Florida Statutes, prohibiting the obstruction of justice by false information; providing a penalty; amending s. 23.152(3), (4) and (8), Florida Statutes, changing and reducing the membership of the council; providing for nonvoting representatives of members; providing for review and repeal of Part VIII of Chapter 23, Florida Statutes, relating to the “Florida Criminal Justice Council Act” in *230 accordance with the Regulatory Sunset Act; providing an effective date.
Section 1 of the body of the act defines the crime and sets forth the penalties for obstruction of justice by giving false information. Section 2 amends the composition of the Florida Council on Criminal Justice, an advisory executive agency which concerns itself with the improvement of the criminal justice system. See § 23.152, Fla.Stat. (Supp.1982).
The state contends that Chapter 82-150 deals with the general subject area of the criminal justice system and that all provisions of the act are germane to this subject. Therefore, the state argues that the act passes constitutional muster and urges us to reverse the trial court’s holding.
The relevant portion of Article III, section 6, of the Florida Constitution states: “Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title.” In State v. Lee, 356 So.2d 276 (Fla. 1978), the supreme court rejected a challenge that an extensive legislative act concerning both insurance and tort reform violated the “one subject” requirement. In doing so, the supreme court stated its view as to the rationale behind the “unity of subject matter” constitutional mandate:
The purpose of the constitutional prohibition against a plurality of subjects in a single legislative act is to prevent a single enactment from becoming a “cloak” for dissimilar legislation having no necessary or appropriate connection with the subject matter. E.g., Colonial Inv. Co. v. Nolan, 100 Fla. 1349, 131 So. 178 (1930).
356 So.2d at 282.
The court added, however, that when a court is determining whether to strike down a legislative enactment as violative of the “one subject” requirement, it should keep in mind the following:
This constitutional provision, however, is not designed to deter or impede legislation by requiring laws to be unnecessarily restrictive in their scope and operation. See State ex rel. X-Cel Stores, Inc. v. Lee, 122 Fla. 685, 166 So. 568 (1936). This Court has consistently held that wide latitude must be accorded the legislature in the enactment of laws, and this Court will strike down a statute only when there is a plain violation of the constitutional requirement that each enactment be limited to a single subject which is briefly expressed in the title. Farabee v. Board of Trustees, 254 So.2d 1 (Fla.1971).
Id. The court’s language exemplifies the well-known “presumption of validity” axiom. Griffin v. State, 396 So.2d 152 (Fla.1981).
Under Florida law the subject of any particular legislative enactment may be as broad or as narrow as the legislature chooses. Lee; Ex parte Knight, 52 Fla. 144, 41 So. 786 (1906); Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla.1969). However, as the supreme court noted in Knight:
When the subject expressed in the title is restricted, only those provisions that are fairly included in such restricted subject and matter properly connected therewith can legally be incorporated in the body of the act, even though other provisions besides those contained in the act could have been included in one act having a single broader subject expressed in its title.
41 So. at 788.
After the general subject matter of the law is determined, a court must decide whether the challenged law contains more than “one subject” in violation of the constitutional prohibition. In making this determination, the supreme court has generally asked whether all the provisions of the law are “germane” or “reasonably” or “properly connected,” Knight; Colonial Investment Co. v. Nolan, 100 Fla. 1349, 131 So. 178 (1930); State ex rel. Flink v. Canova, 94 So.2d 181 (Fla.1957); State v. Petruzzelli, 374 So.2d 13 (Fla.1979), or whether “the matters included in the law have a natural and logical connection.” Lee, 356 So.2d at 282.
*231 In this case the trial judge specifically relied on Knight in striking down section 843.185. However, the court’s reliance was misplaced as the facts in Knight are distinguishable from the facts in the present case. In Knight the subject of the act was voluntarily limited by the legislature in the title “to prevent the cutting or removing of any timber from lands heretofore or that may hereafter be sold for taxes.” Knight, 41 So. at 788. However, the body of the act contained a penal provision designed to prevent the “gathering or removing [of] any turpentine extracted from the pine timber” in addition to a penal provision designed “to prevent the cutting or removing of any timber.” Knight, 41 So. at 789. The supreme court specifically struck down the “turpentine” provision because it could not be “fairly included” within the general subject which was expressly stated and restricted in the title. Id.
Here, on the other hand, the legislature did not expressly state a general subject, or voluntarily limit the subject matter in the title of Chapter 82-150. Rather, it chose to outline each separate provision of the act in the title. The general subject of the act does not have to be expressly stated in the title if it can be “readily inferred or easily spelled out from the details expressed in the title.” Nolan, 131 So. at 179. See also State ex rel. Moodie v. Bryan, 50 Fla. 293, 39 So. 929 (1905). By applying a reasonable construction to the title of Chapter 82-150, it can be “readily inferred” that the legislature intended the general subject of the act to be the “Criminal Justice System.” As already noted, the legislature can make the subject as broad as it desires. Knight; Lee. In fact, the court below acknowledged in its order that "Criminal Justice System” would be the only possible “general heading” envisioned by the law. Hence, we hold that the legislature has chosen not to restrict the subject matter of Chapter 82-150.
Next, we turn our attention to the issue of whether Chapter 82-150 clearly violates the “unity of subject matter” mandate of Article III, section 6. The specific question is whether “the matters [Florida Council on Criminal Justice and creation of the crime of obstruction by false information] included in the law have a natural and logical connection” to the general subject and to one another. Lee, 356 So.2d at 282.
The Florida Council on Criminal Justice is an executive branch advisory agency under the jurisdiction of the governor created to advise the governor, legislature, supreme court, and especially the Bureau of Criminal Justice Assistance in the performance of its Chapter 23 duties, as to the improvement of state law enforcement activities and the administration of criminal and juvenile justice systems. §§ 23.152, 23.153, Fla.Stat. (1981).
Upon examination, it is readily apparent that the council and laws relating to the council are embraced by the admittedly broad subject “Criminal Justice System” which the legislature has defined in section 23.151(3) as including:
[A]ll activities pertaining to crime prevention and enforcement of the criminal law; including, but not limited to, the police, the courts, and the correction system as well as general programs for crime prevention and citizen action; the problems of victims of crime; the prevention, detection, and investigation of crime; the apprehension of offenders; the prosecution and defense of criminal cases; the trial, conviction, and sentencing of offenders; and correction and rehabilitation, which includes probation, imprisonment, treatment, and parole.
Furthermore, it is clearly apparent that section 843.185, the crime of obstruction of justice by giving false information, is also embraced within the same general subject impliedly set forth by the legislature. Inasmuch as every fair intendment and reasonable doubt should be yielded in favor of the validity of the legislative enactments, Knight, we cannot say that amendments relating to the Florida Council on Criminal Justice and the creation of the crime of *232 obstruction by false information have no “logical connection.”[2]
We hold that the enactment of Chapter 82-150 did not violate the “unity of subject matter” requirement. The county court erred in ruling to the contrary and dismissing the information. Accordingly, we reverse and remand for proceedings consistent with this opinion.
RYDER and DANAHY, JJ., concur.

. The court rejected Bunnell’s second motion, which sought to have the statute declared unconstitutional on the grounds that it was vague and overbroad and its passage violated the equal protection clause and the prohibition against cruel and unusual punishment.

. Modern supreme court cases interpreting Article III, section 6, support our conclusion in light of the trend toward upholding constitutionality of legislative enactments challenged as in violation of the "one subject" constitutional requirement. See, e.g., State v. Volusia County Industrial Development Authority, 400 So.2d 1222 (Fla.1981) (including authority to issue bonds for financing for-profit nursing homes within the Industrial Development Financing Act); Chenoweth v. Kemp, 396 So.2d 1122 (Fla.1981) (combining provisions dealing with medical malpractice and insurance); State v. McDonald,. 357 So.2d 405 (Fla. 1978) (joining a provision for the decriminalization of traffic infractions with the creation of a separate offense for refusing to post a bond, or accept or sign a summons required by a traffic citation); State ex rel. Shevin v. Metz Construction Co., 285 So.2d 598 (Fla.1973) (combining provisions for factory-built housing with one establishing a department to regulate such housing); Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla.1969) (including within the Sunshine Act provisions for open meetings with provisions permitting private citizens to sue officials who attend illegally closed meetings).