OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



December 16, 1999

The Honorable Edwin E. Powell, Jr.
Coryell County Attorney
P.O. Box 796
Gatesville, Texas 76528

Opinion No. JC-0158

Re: Allocation by county of fees and costs collected pursuant to section 51.702 of the Government Code (RQ-0094)

Dear Mr. Powell:

You ask us to advise Coryell County on how to comply with sections 25.0005 and 25.0016 of the Government Code. Both provisions are part of a statutory scheme for raising the salaries of county-court-at-law judges through the collection of fees and costs from civil litigants and convicted criminal defendants pursuant to section 51.702 of the Government Code. Both provisions also prescribe how revenues from the fees must be spent. Your letter suggests that the spending requirements conflict irreconcilably. However, we conclude that sections 25.0005 and 25.0016 do not conflict and that a county may comply with both provisions in accordance with their terms.

Section 25.0005, subsection (a), of the Government Code sets out a formula for determining the minimum salaries of statutory county court judges in counties that opt to collect fees and costs under section 51.702. *See* TEX. GOV'T CODE ANN. § 25.0005(a) (Vernon Supp. 2000). Generally, the formula ties the salaries of statutory county court judges to the salaries of district judges in the county. *Id.* A county is not required to use the salary formula set out in subsection (a) if the county commissioners court raises the judge's salary within a certain period of time and complies with several other requirements:

> (e) A county is not required to meet the salary requirements of Subsection (a) for a particular court if:
>
> (1) not later than September 1 of the year in which the county initially begins collecting fees and costs under Section 51.702, the county increases the salary of each statutory county court judge in the county to an amount that is at least $28,000 more than the salary the judge was entitled to on May 1 of the year the county initially begins collecting fees and costs under Section 51.702;
>
> (2) the county pays at least the salary required by Subdivision (1);

(3) the county collects the fees and costs as provided by Section 51.702;

(4) the court has at least the jurisdiction provided by Section 25.0003; and

(5) except as provided by Subsection (f), the county uses at least 50 percent of the amount the county receives each state fiscal year under Section 25.0016 for salaries for the statutory county court judges.

*Id.* Thus, a county is excepted from the salary formula of subsection (a) if it complies with the requirements of subsection (e).

Subsection (e) requires, among other things, that the county use for judges' salaries at least fifty percent of the amount received from the state pursuant to section 25.0016 of the Government Code. *Id.* Section 25.0016 of the Government Code deals with the redistribution by the state to counties of fees and costs collected under section 51.702. Fees and costs collected by a county pursuant to section 51.702 are sent to the state Comptroller and deposited in the state judicial fund. TEX. GOV'T CODE ANN. § 51.702(d) (Vernon 1998). The Comptroller collects the fees and costs from all the counties, then disburses the funds back to the counties. For each judge participating in the scheme, and who is not otherwise excluded, the Comptroller sends $35,000 to the county. *Id.* § 25.0015(a) (Vernon Supp. 2000). If the total fees and costs collected from all of the counties in the state exceeds the total amount distributed to all of the counties (in $35,000 per judge increments), then the excess is distributed to each county in proportion to the amount of fees and costs received from the county. *Id.* § 25.0016 (Vernon Supp. 2000). In other words, if the state has an excess of fee and cost receipts after all of the $35,000 disbursements are made to the counties, then the counties get a proportion of the excess on top of the $35,000 payments they have already received.

Section 25.0016 of the Government Code provides that the excess receipts distributed to a county must be paid to the county's general fund "to be used only for court-related purposes for the support of the judiciary as provided by Section 21.006 [of the Government Code]." *Id.* § 25.0016(b). At the same time, section 25.0005 provides that a county may use the salary formula of subsection (e) if, among other things, "the county uses at least 50 percent of the amount the county receives each state fiscal year under Section 25.0016 for salaries for the statutory county court judges." *Id.* § 25.0005(e). You ask whether a county must comply with section 25.0005(e), that is, use at least fifty percent of the excess for judges' salaries, in light of the requirement of section 25.0016 that the excess be used only for court-related purposes for the support of the judiciary. We conclude that "salaries for the statutory county court judges," *id.* § 25.0005(e), are a subset of "court-related purposes for the support of the judiciary as provided by Section 21.006 [of the Government Code]," *id.* § 25.0016(b). Thus, a county that opts to use the salary formula of section 25.0005(e) can comply with both section 25.0005(e) and section 25.0016.

Section 25.0016 of the Government Code requires the excess fees distributed to a county to be paid to the county's general fund to be used for court-related purposes for the support of the judiciary "as provided by section 21.006 [of the Government Code]." *Id.* § 25.0016(b). Section 21.006 creates a judicial fund as a separate fund in the state treasury to be administered by the Comptroller. *See id.* § 21.006 (Vernon 1988). "The fund shall be used only for court-related purposes for the support of the judicial branch of this state." *Id.* The statute does not define "court-related purposes for the support of the judicial branch," but we think such purposes include salaries and other expenses related to the operation of the courts.

The law's restriction on the use of the judicial fund to court-related purposes reflects, we believe, the principle that fees charged to litigants may be used only for the support of the judiciary. Court fees used for general purposes of government violate the constitutional promise that the courts of the state shall be open. *See* TEX. CONST. art. I, § 13. Court fees that are used for general purposes are characterized as taxes, and a tax imposed on a litigant interferes with access to the courts in violation of the constitution. *See LeCroy v. Hanlon*, 713 S.W.2d 335, 341-43 (Tex. 1996); *Dallas County v. Sweitzer*, 881 S.W.2d 757, 765-66 (Tex. App.–Dallas 1994, writ denied). The Texas Supreme Court has cited with approval a case upholding a court fee that was used for maintaining a county law library. *See LeCroy*, 713 S.W.2d at 342 (citing *Farabee v. Board of Trustees*, 254 So.2d 1, 5 (Fla. 1971)). Thus, we believe that "court-related purposes" under section 21.006 of the Government Code include not only judges' salaries, but any other costs necessary to support the operation and maintenance of the courts and the administration of justice.

In sum, section 25.0016 of the Government Code requires excess fees and costs collected under section 51.702 and distributed to counties to be used for court-related purposes. If a county wishes to use the salary formula of section 25.0005(e) of the Government Code, the county must use at least fifty percent of the excess distribution for judges' salaries. Since judges' salaries are a court-related purpose, a county can comply with both section 25.0016 and section 25.0005(e).

We note that section 25.0016 of the Government Code requires the excess fees and costs distribution to be deposited in a county's general fund as opposed to a county's salary fund. We do not think this provision means that the funds may not be used for salaries in accordance with section 25.0005(e). A county may establish a salary fund separate from its general fund, but it is not required by state law to do so. *See* TEX. LOC. GOV'T CODE ANN. § 154.007 (Vernon 1999). If a county does have a salary fund, it may transfer funds from its general fund to its salary fund. *See id.* § 113.004(d). Thus, although the excess fees and costs distribution must be deposited in a county's general fund pursuant to section 25.0016, at least fifty percent of the funds, wherever they are deposited, must be used for judges' salaries if a county intends to compensate judges under section 25.0005(e).

## S U M M A R Y

Judges' salaries are a court-related purpose for the support of the judiciary for which funds collected pursuant to section 51.702 of the Government Code and distributed to a county by the state in accordance with section 25.0016 of the Government Code may be used. A county that wishes to compensate a statutory county court judge using the salary formula set out in section 25.0005(e) of the Government Code must use at least fifty percent of the funds distributed to the county pursuant to section 25.0016 of the Government Code for statutory county court judges' salaries.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee