**FITZGERALD & LAIRD v. CALDWELL.**

No 17587.   Opinion Filed Aug. 2, 1927.

Rehearing Denied Sept. 20, 1927.

(Syllabus.)

1. **Appeal and Error—Reservation of Grounds of Review—Failure of Court to Make Separate Findings of Law and Fact.**

In order for the losing party to predicate error upon the trial court's failure to separately state its findings of fact and conclusions of law, as provided in section 556, C. O. S. 1921, the record must affirmatively show that timely request was made in conformity to the provision of said section of the statute at the trial of the cause before final judgment was rendered and exception to the court's refusal to do so duly taken.

2. **Appeal and Error—Harmless Error—Exclusion of Evidence Later Admitted in Different Form.**

Where evidence is offered in the trial of a cause which is excluded upon objection of counsel for opposing party. the cause will not be reversed upon error predicated thereon. even though the exclusion thereof may have been error. if the record affirmatively shows that the same evidence in a different form was later in the trial introduced and the trial court had the benefit before

judgment of the information sought to be elicited by the evidence thus excluded.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by Ray Caldwell against Fitzgerald & Laird. Judgment for plaintiff, and defendants appeal. Affirmed.

J. G Clift, for plaintiffs in error.

Wilkinson & Wilkinson and Ben F. Saye, for defendant in error.

PHELPS, J. Ray Caldwell, defendant in error, was the owner of a certain oil well drilling rig. Fitzgerald & Laird, plaintiffs in error, had a contract to drill some wells for the Roxana Petroleum Company and Laird and Caldwell entered into a contract by the terms of which Caldwell was to furnish the drilling rig, Laird was to drill the wells, paying the expenses connected therewith, and the net profits were to be equally divided between them, Caldwell claimed that he did not receive his full share of such profits and brought suit in the district court of Stephens county for accounting and to recover the amount due him.

Issues were joined and the case tried to the court without the intervention of a jury. Judgment was rendered for plaintiff in the amount of $2,943.88, and defendants prosecute this appeal.

Counsel for plaintiffs in error, in their brief urge two assignments of error, the first of which is:

"That the court erred in failing and refusing to make separate findings of law and fact as requested by the defendants."

It appears from the record that on November 16, 1925, defendants in the trial court filed with the court clerk their request for separate findings of law and fact. The case was tried on November 25, 1925, and nowhere in the record does it appear that the request for separate findings of law and fact so filed with the court clerk were ever called to the attention of the trial judge.

Section 556. C. O. S. 1921, provides:

"Upon the trial of questions of fact by the court it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing, the conclusions of fact found, separately from the conclusions of law."

A failure to make such findings when properly requested has been held by this court in numerous cases to constitute reversible error. In the instant case, however, the record fails to show that the trial judge had any knowledge whatever that such a request had been made. On page 6 of the brief filed by counsel for plaintiffs in error, he says:

"At the conclusion of the testimony the defendants filed a request for separate findings of law and fact. (C.-M. p. 45.)"

And on page 8 he makes the statement:

"After the close of the testimony, and before the judgment of the court was rendered, the defendants filed a request for separate findings of law and fact. (C.-M. p. 45)"

These statements are wholly unwarranted by the record. The citation to page 45 of the case-made refers to the request filed with the court clerk nine days before the trial of the case. Neither does the record show that any exception was ever saved to the court's failure to make such separate findings of fact and conclusions of law (although this was assigned as one of the grounds for a new trial).

In Smith v. Harrod, 29 Okla. 3, 115 Pac. 1015, in the body of the opinion Mr. Justice Hayes quotes with approval the language of Chief Justice Horton of the Kansas Supreme Court in Wilcox v. Byington, 36 Kan. 212, 12 Pac. 826, as follows:

"It is the general rule of practice for the parties to request the court, either just before or at the close of the argument made in the case, to state its findings in writing."

We conclude, therefore, that the filing of such request with the court clerk nine days before the trial is not a sufficient compliance with the statute upon which to predicate this assignment of error unless the record affirmatively shows that such request was called to the attention of the trial judge at the trial of the cause before the final judgment was rendered and exception saved to his failure to comply with such request. It is not incumbent upon the trial judge to search the record and files to ascertain if such request has been filed when the same is not called to his attention by counsel.

It is further contended by plaintiffs in error that the court erred in refusing to admit certain evidence offered by plaintiffs in error Under this assignment of error counsel contends that he should have been permitted to introduce certain evidence tending to show that it was necessary for plaintiffs in error to rent and pay $25 a day for certain drill stems. This being an action in

accounting, we are inclined to believe that the record discloses a state of facts which would justify the introduction of the evidence excluded, but it further appears in the record that substantially the same evidence in a different form later in the trial was introduced, and we conclude that even though the court committed error in refusing to admit the evidence in the first instance, if it were later admitted and the trial court had the advantage of the information sought to be elicited by such evidence when it rendered its final judgment in the case, the rights of plaintiffs in error would not be materially prejudiced thereby.

Counsel further complains of the action of the court in refusing to admit evidence tending to show transactions between defendants and plaintiff, the plaintiff having died prior to the trial, and the cause was prosecuted in the name of his widow as executrix. An examination of the record clearly shows that the court was right in excluding the evidence offered, although it further appears that the information sought to be elicited by this evidence was also later introduced in a different form and the trial court had the benefit thereof before final judgment was rendered.

There are other instances where the court refused to admit certain evidence offered embraced under this assignment of error, but they are, in our judgment, without merit, and upon the whole we conclude that the cause was fairly submitted to the court, and under our well-established rules we will not disturb the trial judge's findings of fact and judgment thereon where there is evidence reasonably tending to support the same.

The judgment of the trial court is, therefore, affirmed, and judgment hereby rendered on the supersedeas bond, as per journal entry to be prepared and presented by counsel for defendant in error.

All the Justices concur.

Note. See under (1) 3 C. J. p. 870, §766. (2) 4 C. J. p. 1014, §2999; 2 R. C. L. p. 225; 1 R. C. L Supp. p. 478; 4 R. C. L. Supp. p. 98; 5 R. C. L. p. 88; 6 R. C. L. Supp. p. 82.