The HOUSING AUTHORITY OF the CHEROKEE NATION OF OKLAHOMA, a Public Body Corporate, Appellant,

v.

W. H. LANGLEY et al., Appellees.

No. 49095.

Supreme Court of Oklahoma.

Oct. 19, 1976.

Edward L. Munson, Tahlequah, for appellant.

David Harris, Stilwell, for appellees.

HODGES, Vice Chief Justice.

The Housing Authority of the Cherokee Nation of Oklahoma (Housing Authority) appellant, filed a petition seeking to condemn real property owned by appellees pursuant to 63 O.S.1971 §§ 1057, 1078, 66 O.S.1971 § 51.[1] A resolution by the Com-

---

1. The Cherokee Nation Indian Housing Authority is a creature of statute, 63 O.S.1971 § 1057 provides;

There is hereby created, with respect to each Indian tribe, band, or nation in the state, a public body corporate and politic, to function in the operating area of such Indian tribe, band, or nation to be known as the "housing authority" of said Indian tribe, band, or nation, which shall be an agency of the State of Oklahoma, possessing all powers, rights, and functions herein specified for city and county authorities created pursuant to this act:

Provided that said Indian Housing Authority shall not transact any business nor exercise its powers hereunder until or unless the governing council of said tribe, band, or nation, as the case may be, by proper resolution, declares that there is a need for an authority to function for said tribe, band, or nation.

Except as otherwise provided in this act, all the provisions of law applicable to housing authorities created for cities and counties and the commissioners of such authorities shall be applicable to Indian Housing Authorities and the commissioners thereof,

missioners of the Housing Authority declaring the necessity of taking the described property accompanied the petition. The appellees filed a demurrer, alleging the Oklahoma Housing Authority Act, 63 O.S. 1971 § 1051 et seq., to be unconstitutional as it relates to the granting of the power of eminent domain to the Indian Housing Authority by the legislature. A motion for the trial court to make findings of facts and conclusions of law was filed thirty days after appellees presented and argued the demurrer. The demurrer was sustained and the petition for condemnation was dismissed. The trial court did not make findings of fact or state conclusions of law.

Two allegations of error are urged on appeal. First, the Housing Authority asserts it requested that the trial court make findings of fact and conclusions of law, and failure to do so constituted reversible error. It is provided by 12 O.S.1971 § 611:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law."

A statutory provision requiring findings of fact and conclusions of law is applicable and must be complied with where an action within the scope of the statute is tried and determined on the merits by the court without a jury.[2] Under some statutes, findings of fact and conclusions of law are necessary even though the trial court sustains a demurrer to the evidence or a motion to dismiss.[3] Although we believe it would be a commendable practice, we do not find that the Oklahoma statutory provision is sufficiently encompassing to require the trial court to make findings of facts and state conclusions of law when it sustains a demurrer or a motion to dismiss, or that the failure to do so is reversible error.

The second assertion of error is that the trial court erred in sustaining a demurrer to appellees' petition based on the allega-

---

unless a different meaning clearly appears from the context. The Chief or other governing head of an Indian tribe, band, or nation is hereby authorized to exercise all appointing and other powers with respect to an Indian Housing Authority that are vested by this act in the mayor of a city relating to a City Housing Authority.

63 O.S.1971 § 1078 provides in pertinent part: An authority shall have the right to acquire by the exercise of the power of eminent domain any real property or interest therein which it may deem necessary for its purposes under this act after the adoption by it of a resolution declaring that the acquisition of the real property described therein is necessary for such purposes. An authority may exercise the power of eminent domain in the same manner and by like proceedings as provided for railroad corporations under the laws of this state.

66 O.S.1971 § 51 delineates the procedure for exercising eminent domain by the Housing Authority:
Every railroad corporation incorporated under this Article, and any railroad corporation authorized to construct, operate or maintain a railroad within this State, has power and is authorized to enter upon any land for the purpose of examining and surveying its railroad, and to take, hold and appropriate so much real estate as may be necessary for the location, construction and convenient use of its road, including all necessary grounds for buildings, stations, workshops, depots, machineshops, switches, sidetracks, turntables, snow defences and water stations; all material for the construction of such road and its appurtenances, and the right of way over adjacent land sufficient to enable such corporation to construct and repair its road and the right to conduct water to its water stations, and to construct and maintain proper drains, and may obtain the right to such real estate by purchase or condemnation in the manner provided by law.

2. *Morrow v. Martinez*, 27 N.M. 354, 200 P. 1071 (1921).

3. *O. S. Stapley Co. v. Logan*, 6 Ariz.App. 269, 431 P.2d 910 (1967); *Guidry v. Petty Concrete Co.*, 77 N.M. 531, 424 P.2d 806 (1967).

tion the Oklahoma Housing Authorities Act is unconstitutional as it relates to the granting of the power of eminent domain to Indian Housing Authorities.

The right of eminent domain is the power to take private property for public use by the state, municipalities, and private persons or corporations authorized to exercise functions of public character. The legislature has plenary power to grant or withhold the right to exercise the power of eminent domain, and the power of eminent domain may be delegated by the legislature to any public authority to be utilized as directed. The fundamental power to exercise the right to acquire property by eminent domain lies dormant in the state until the legislature by specific enactment delineates the occasion, procedures, and agencies by which it may be placed in operation.[4]

The Oklahoma Legislature pursuant to 63 O.S.1971 §§ 1057, 1078 has promulgated that the Housing Authority of the Cherokee Nation is a public body corporate and politic possessing the power of eminent domain and delineated the procedure in 66 O.S.1971 § 51 to be followed in its exercise.[5] In *Boardman v. Oklahoma City Housing Authority*, 445 P.2d 412, 415 (Okla.1968) this Court determined the acquiring of property under the provisions of the Oklahoma Housing Authorities Act was a constitutional taking of property for the public use and welfare. We also find the statutes in question to be a constitutional exercise of the complete power of the legislature to delegate the right of eminent domain to Indian Housing Authorities.

REVERSED.

All Justices concur.

4. *City of Pryor Creek v. Public Service Co. of Oklahoma*, 536 P.2d 343, 345 (Okla.1975) ; *Urban Renewal Agency of Kansas City v. Decker*, 197 Kan. 157, 415 P.2d 373, 376 (1966) ; *Springfield v. City of Perry*, 358 P.2d 846 (Okla.1961).

5. See 63 O.S.1971 §§ 1057, 1078, 66 O.S. 1971 § 51, Note 1, supra.