Richard E. NAYLOR, Petitioner,

v.

Thomas PETUSKEY, Court Clerk in and for the District Court of Oklahoma County, Oklahoma, Respondent.

No. 79123.

Supreme Court of Oklahoma.

June 23, 1992.

James M. Levine, Oklahoma City, for petitioner.

Robert H. Macy, Dist. Atty. for Oklahoma County, Hugh M. Manning, Asst. Dist. Atty., Oklahoma City, for respondent.

ALMA WILSON, Justice:

■ The issue in this original proceeding is whether the Court Clerk for the District Court of Oklahoma County, Oklahoma, may charge and collect the jury fee prescribed in 28 O.S.1991, § 152.1 more than one time before a jury trial is had in a pending action. This issue challenges the authority of a court clerk to require a party litigant to pay the statutory jury fee as a prerequisite to filing another motion to enter the cause on the jury docket where the cause has been previously docketed for jury trial and then stricken prior to commencement of the jury selection process. This novel controversy has statewide implications and accordingly is a matter of *publici juris*.[1] Therefore, we assume original jurisdiction.

Petitioner (Naylor) is the plaintiff in a negligence action pending in the district court of Oklahoma County. Naylor is entitled to a trial by jury in this pending action. On March 26, 1985, Naylor filed a motion to enter the cause on the jury docket and paid the statutory jury fee in the amount of $30.00. The cause was set on the jury docket. Subsequently, interlocutory orders relating to discovery issues were appealed. The cause was stricken from the jury docket. During the pendency of the appeal from the interlocutory orders, Naylor filed the first amended motion to enter the cause on the jury docket and again paid the $30.00 jury fee on September 23, 1985; and, he filed second and third amended motions without payment of the jury fees. Upon each amended motion to enter, the cause was set on the jury docket and then stricken therefrom. Upon final disposition of the appeal from the interlocutory orders, Naylor filed a fourth amended motion to enter the cause on the jury docket. The office of the Court Clerk refused to accept this fourth amended motion without the payment of the statutory jury fee, now in the amount of $50.00.

■ In this original action, Naylor seeks a writ of prohibition and mandamus to the Court Clerk of Oklahoma County, Oklahoma, prohibiting collections of multiple jury fees in a civil case for a single jury trial and directing the filing of his fifth motion to enter cause on jury trial docket without payment of additional jury fee. Naylor argues that he has never derived any benefit from the initial jury fee paid; that under the circumstances, additional jury fees are a windfall to the court; and, that multiple jury fees for a single jury trial has a chilling effect upon a litigant's access to the courts.[2] In response, the Court Clerk takes the position that the jury fee is a filing fee, arguing that the plain words of the statute require payment of a fee for each motion requesting a jury trial; and, that multiple jury fees can be avoided by striking the cause from the jury docket with the notation "to be reset."[3]

■ The issue presented is one of statutory construction. The cardinal rule of statutory construction is to ascertain and give effect to the legislative intent. *Humphrey v. Denney,* 757 P.2d 833 (Okla.1988). The words of a statute will be given a plain and ordinary meaning, unless contrary to

---

1. *State of Oklahoma ex rel. Oklahoma Tax Commission v. Daxon,* 607 P.2d 683 (Okla.1980) and *Oklahoma Association of Municipal Attorneys v. State,* 577 P.2d 1310 (Okla.1978).

2. Violation of the Oklahoma Constitution, Article 2, §§ 6 (access to the courts) and 19 (right of trial by jury) is implicit in the arguments propounded by Naylor. However, there is a presumption that an act of the legislature is constitutional, *Draper v. State,* 621 P.2d 1142 (Okla. 1980). Acts of the legislature will be construed in harmony with the constitution. *Cowart v. Piper Aircraft Corp.,* 665 P.2d 315 (Okl.1983). And, where a statute is capable of more than one interpretation, the court will construe the statute consistent with the constitution if at all

possible. *Chicago, R.I. & P. Ry. Co. v. Beatty,* 34 Okl. 321, 118 P. 367 (1911).

Because we conclude that the Court Clerk is not authorized to collect multiple jury fees prior to a jury trial, we do not reach these constitutional issues.

3. Jury fees set by statute cannot be circumvented by procedural nicety. It is a statutory duty of the various court clerks of this state to charge and collect the fees prescribed by the statutes. Title 28 O.S.1991, § 151 provides that "it shall be the duty of the clerks of the district courts of record and other trial courts of record of this state to charge and collect the fees as herein provided, and none other...." [Emphasis added.]

the purpose and intent of the statute when considered as a whole. *Keck v. Oklahoma Tax Commission*, 188 Okl. 257, 108 P.2d 162 (1940). Legislative purpose and intent may be ascertained from the language in the title to a legislative enactment. *Independent School District No. 89 of Oklahoma County v. Oklahoma City Federation of Teachers, Local 2309 of American Federation of Teachers*, 612 P.2d 719 (Okla.1980). Any doubt as to purpose or intent of a statute may be resolved by resort to other statutes relating to the same subject matter. *In re Durant National Bank*, 107 Okl. 65, 230 P. 712 (1924).

■ The jury fee at issue is imposed by 28 O.S.1991, § 152.1 [4], which states, in part:

In civil cases other than those in the small claims division, the court clerk shall collect and deposit in the court fund the following charges in addition to the flat fee:

1. For posting notices and filing certificates required by statute .................... $20.00
2. For mailing by any type of mail writs, warrants, orders, process, command, or notice for each person ...... $ 5.00
   except ordinary mailing of first-class mail in probate cases, for each case ........ $ 5.00
3. For the actual cost of all postage in each case in excess of ........................ $ 5.00
4. For serving or endeavoring to serve each writ, warrant, order, process, command, or notice for each person in one or more counties ....... $20.00
   provided that if more than one person is served at the same address, one flat fee of Twenty Dollars ($20.00) may be charged;
5. For sheriff's fees on court-ordered sales of real or personal property ............. $50.00
6. **When a jury is requested** .... **$50.00**
7. For issuing each summons for each person ............ $ 5.00
8. For services of a court reporter at each trial held in the case ...................... $20.00
   [Emphasis added.]

The legislative intent gleaned from a reading of § 152.1 in its entirety is that the court clerk shall charge a litigant for the performance of specified services, which are not ordinary, routine services afforded every litigant and are not included in the initial filing fee.[5] Reading § 152.1 together with 28 O.S.1991, § 1,[6] it is clear that the purpose of the fees is to defray the expense of performing specific tasks other than the filing and docketing of documents in a pending action.

The Court Clerk urges that "When a jury is requested" means "For each filing of a motion to enter" because of the 1984 legislative amendment striking "impanelled" and inserting "requested". This argument would be persuasive if the filing of a motion to enter required the performance of services other than routine filing and docketing. It does not.[7] Consequently, the Court Clerk's reading is inconsistent with

---

**4.** During the time period involved in this matter, the statutory language of § 152.1(6) in the 1991 codification has remained the same. Prior to 1984, § 152.1(5) read, "(5) When a jury is impanelled ... $30.00". The amendment substituting the word "requested" for word "impanelled" became effective November, 1984. 1984 Okla.Sess.Laws, ch. 268, § 3. In 1989, the amount of the fee was increased to $50.00. 1989 Okla.Sess.Laws, ch. 205, § 6.

**5.** Title 28 O.S.1991, § 152.1 imposes flat fees for the filing of actions or proceedings. This section states that the flat fee must be paid "at the time of filing" and it is most often referred to as the filing fee to initiate an action. This flat fee covers routine filing services performed by the various court clerks. Charges for filing services performed by the various court clerk's for persons **other than litigants in a pending action** are established in 28 O.S.1991, § 31.

**6.** Title 28 O.S.1991, § 1 provides "(t)he officers and persons herein mentioned shall be entitled to receive for their services only the fees allowed herein, and no other, except as may be otherwise required by law." [Emphasis added.]

**7.** Because the 1984 version of the statute is not involved in this matter, we need not decide the precise legislative purpose and intent for the 1984 amendment. We note that changing "impanelled" to "requested" caused earlier payment of the jury fee, moving the payment time prior to the jury selection process rather than at the end of that process.

the intent and purpose of the section as a whole.

Section 152.1 was last amended in 1989 by Enrolled Senate Bill 357,[8] increasing the jury fee to $50.00. The title to S.B.357 states, "MODIFYING COURT COSTS FOR JURY TRIALS", clearly indicating legislative intent that a litigant will be charged a fee to defray the costs of the services performed by the office of the court clerk in convening a jury. The Court Clerk's reading of § 152.1(6) is inconsistent with this most recent expression of legislative intent.

When read in light of other statutes imposing fees to be paid to the various court clerks, "When a jury is requested" must be construed to require the payment of a single jury fee before each jury selection process is commenced in an action. If the legislature had intended for the jury fee in a civil action to be paid "each time a jury is requested by the filing of a motion to enter," it could have used those words. It did not. We hold that 28 O.S.1991, § 152.1(6) authorizes the various court clerks to charge the jury fee prior to the commencement of each jury selection process which may be collected as a prerequisite to accepting the first motion to enter for filing and docketing in a pending action.

Naylor has paid $60.00 to the Court Clerk of the District Court of Oklahoma County for a jury trial in his pending action. This satisfies the present statutory cost to be paid for a jury trial. Naylor is entitled to have his fourth amended motion to enter accepted and filed by the Court Clerk without further payment of a jury fee. Accordingly, writ of prohibition and mandamus is issued. The Court Clerk of the District Court for Oklahoma County, Oklahoma, is prohibited from collecting an additional jury fee from Richard E. Naylor in cause numbered CJ–84–9400, pending in the district court of Oklahoma County, and said Court Clerk is directed to accept the fourth amended motion to enter from Richard E. Naylor without payment of a jury fee and to file and docket said motion.

8.   1989 Okla.Sess.Laws, ch. 205, § 6.

HODGES, V.C.J., and KAUGER, SUMMERS and WATT, JJ., concur.

OPALA, C.J., concurs in result.

LAVENDER, J., with whom SIMMS and HARGRAVE, JJ., join, dissenting: I would not assume original jurisdiction.