BERKSON v. STATE ex rel. ASKINS AS ADMINISTRATIVE DIRECTOR OF THE COURTS
2023 OK 70
Case Number: 120589
Decided: 06/13/2023
As Corrected: June 19, 2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 70, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

HOWARD BERKSON, ("Attorney"), in his capacity as a duly licensed and practicing attorney routinely filing, on behalf of himself and his clients, new civil actions in which he and/or his client(s) have been compelled to pay a $10.00 "Lengthy Trial Fund Fee" and all similarly situated people; and JOHN DOE, in his capacity as a non-attorney legal entity able to sue and be sued who, by and through one or more attorneys, has filed new civil litigation in any of the 77 District Courts of Oklahoma and, because said new litigation was filed for him by a lawyer, has been compelled to pay a $10.00 "Lengthy Trial Fund Fee", and all similarly situated legal entities, Plaintiffs/Appellants,
v.
THE STATE OF OKLAHOMA, ex rel. JARI ASKINS in her official capacity as Administrative Director of the Courts for the State of Oklahoma and ex rel. DON NEWBERRY, in his official capacity as Tulsa County District Court Clerk, and ex rel. all other 76 District Court Clerks of the State of Oklahoma. Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY

¶0 Lawyer filed an action in the District Court of Tulsa County and challenged a ten-dollar fee collected for the Lengthy Trial Fund when a new case is filed. Defendants filed motions to dismiss. The Honorable Clifford J. Smith, Associate District Judge, granted the two motions to dismiss and lawyer appealed. The State of Oklahoma filed a motion to retain the appeal for review by the Supreme Court and the motion was granted. State of Oklahoma filed a motion for oral argument, the motion was deferred to when the Court considered the appeal. The motion for an appellate oral argument is denied. We hold: Lawyer's assignments of procedural error are not preserved for appeal; Lawyer's assignments of error based upon legal standing to bring the action are correct in part; The two orders granting the motions to dismiss must be affirmed on the ground lawyer's petition failed to state a claim upon which relief could be granted.

ORDERS OF DISTRICT COURT AFFIRMED

Edward L. White, Edmond, Oklahoma, for Plaintiffs/Appellants.

James W. Dunham, Jr., Tulsa, Oklahoma, for Plaintiffs/Appellants.

Kevin McClure, Assistant Attorney General, and Jessica Wilkes, Assistant Attorney General, Oklahoma City, Oklahoma for Defendant/Appellee, State of Oklahoma, ex rel. Jari Askins.

Douglas A. Wilson, Assistant District Attorney, Tulsa, Oklahoma, for Defendant/Appellee, Don Newberry in his official capacity as Tulsa County District Court Clerk.

EDMONDSON, J.

¶1 A lawyer, Berkson, brought an action in the District Court of Tulsa County challenging a Lengthy Trial Fund (LTF) fee collected from an attorney filing an action with the court clerk. We ultimately conclude Berkson's petition failed to state a claim that 28 O.S. § 86

¶2 Before addressing the constitutional issue, we must address the six assignments of error raised by Berkson in his petition in error. Two raise the procedure in the District Court as independent grounds for reversal, and they involve both the scope of our appellate review and appellate jurisdiction. The two procedural assignments of error were brought for review in an accelerated appeal but they are improperly preserved by a term-time motion to vacate. Further, even if the term-time motion to vacate could be deemed a functional equivalent to a motion for new trial for the purpose of this accelerated appeal, the assignments would not be preserved due to Berkson's failure to raise them, as shown by an appellate record, prior to his post-dismissal motion. The remaining four assignments involve Berkson's legal standing to bring his action and he is partially correct. However, the assignments of error on standing are not sufficient for an appellate reversal and the orders must be affirmed for a different reason.

I. Trial Court Proceedings

¶3 Berkson's trial court petition challenged a ten-dollar fee collected from each attorney who files a civil case. The clerk of the court "shall collect from each attorney who files a civil case, unless otherwise exempted under the provisions of this section, a fee of Ten Dollars ($10.00) per case to be paid into the Lengthy Trial Fund." 28 O.S.2021 §8628 O.S. § 86

¶4 The State filed a motion to dismiss and raised four grounds. The State challenged Berkson's standing to bring the action based upon allegations on the face of the petition. The State invoked 12 O.S. § 201228 O.S. § 8651 O.S.2021 § 151et seq.), and Berkson had not complied with the Act. The State argued Berkson's petition failed to allege he had followed the protest procedure in 62 O.S. § 206

¶5 Newberry filed a motion to dismiss and raised 12 O.S. § 2012

¶6 Berkson filed a combined response to both motions and also requested the court to take judicial notice of facts not appearing on the face of their petition. He referenced two additional proceedings before the Tulsa County District Court relating to paying filing fees. He attached a copy of his "Notice of Protest" filed with the District Court Clerk on the same day he filed his petition. The trial court granted both motions to dismiss by separate orders, which do not state a specific ground or reason other than the court reviewed the motions, a response, and heard the argument by counsel at the hearing on the motions. The two orders were filed on two successive days.

¶7 Berkson filed a "motion to reconsider" and raised procedural issues: (1) He was not allowed to give his "approval as to form" for the dismissal orders signed by the trial judge; (2) He was not provided an opportunity to request findings of fact and conclusions of law; and (3) The dismissal orders failed to state whether or not the dismissals were without prejudice. The motion made a few other arguments including one related to his standing to bring his action. The motion to reconsider was filed more than ten days after both dismissal orders were filed.

¶8 Berkson filed a petition in error in this Court three days after filing his motion to reconsider in the District Court. His petition in error asserts six assignments of error challenging the two dismissal orders, four involve his standing to prosecute his action and two raise procedural issues. The procedural issues are urged as grounds to reverse the dismissal orders independent of the issues related to standing. The trial court subsequently denied Berkson's motion to reconsider. Berkson did not file a new petition in error challenging the order denying the motion to reconsider.

II. Preserved Error in an Accelerated Appeal and Berkson's Term-Time Motion

¶9 An initial question in this appeal is whether Berkson's' two assignments of procedural error in his petition in error are preserved for appellate review. Four related preservation issues are present: (1) Whether appellants, generally, may include in the record of an accelerated appeal pursuant to Okla. Sup. Ct. R. 1.36 a term-time motion to vacate pursuant to 12 O.S. §1031.1

¶10 The two assigned errors in procedure are: (1) "Whether the District Court erred by failing to require submission of Defendants' proposed orders for review by Plaintiff in violation of Tulsa Local Civil Rule 29;" and (2) "Whether the District Court erred by failing to give plaintiffs leave to amend its petition."prior to the dismissal orders.

¶11 The record on appeal does not include a transcript of the hearing on the motions to dismiss, or a narrative statement in lieu of transcript. The record on appeal does not show Berkson raising the alleged procedural error until the motion to reconsider.

¶12 A "motion to reconsider" does not technically exist within the statutory nomenclature of Oklahoma practice and procedure.12 O.S. §65112 O.S. § 1031.112 O.S. § 1031.1

¶13 Our review in an accelerated appeal is primarily limited to the order appealed. For example, on review of a summary judgment in an accelerated appeal pursuant to Okla. Sup. Ct. R. 1.36: "Ordinarily, an appellate court will not take notice on review of any material that was not properly before the trial court in the decisional process that led to summary judgment."12 O.S. § 651

¶14 An accelerated appeal may also include review of a motion for new trial. An appeal of an order adjudicating a timely filed motion for new trial must be prosecuted in an appeal which may challenge the antecedent judgment or final order. 12 O.S.2021 §990.2

When a post-trial motion for a new trial, for judgment notwithstanding the verdict, or to correct, open, modify, vacate or reconsider a judgment, decree or final order, other than a motion only involving costs or attorney fees, is filed within ten (10) days after the judgment, decree or final order is filed with the court clerk, an appeal shall not be commenced until an order disposing of the motion is filed with the court clerk. The unsuccessful party may then appeal from the order disposing of the motion within thirty (30) days after the date such order was filed. If the decision on the motion was against the moving party, the moving party may appeal from the judgment, decree or final order, from the ruling on the motion, or from both, in one appeal, within thirty (30) days after the filing of the order disposing of the motion. Successive appeals from the original judgment, decree or final order and the order disposing of the motion shall not be allowed.

12 O.S.2021 §990.212 O.S. §990.2and, where applicable, a certified copy of the order denying new trial, with payment of costs or an affidavit in forma pauperis." Okla. Sup. Ct. R. 1.36(b) (emphasis and explanation added).

¶15 In contrast to invoking a trial court's discretion to grant a new trial based upon 12 O.S. § 65112 O.S. §1031.1are themselves final orders,and are appealed separate and independent from an appeal challenging an antecedent judgment or final order.

¶16 Appellate review of a decision adjudicating a 12 O.S. § 1031.1 Southeastern, Inc. v. Doty, 1971 OK 17481 P.2d 144Southeastern, Okla. Sup. Ct. R. 1.36(k) states in part: "An appeal governed by Rule 1.36 is prosecuted separately from another appeal from the same trial court case when the appeals challenge different appealable decisions." Consistent with both Southeastern, Inc. v. Doty, and Rule 1.36(k), we have explained in an appeal from an order denying 12 O.S. §1031 or §1031.1 relief "this court may not look to the original judgment but stands confined in its review to the correctness of the trial court's action" deciding the motion filed pursuant to 12 O.S. §§103112 O.S. § 1031.1Southeastern, Inc. v. Doty, supra, and Rule 1.36(k), so he fails to secure appellate cognizance over his motion to vacate or the subsequent order on the motion.

¶17 A petition in error is examined using a substantial compliance analysis to determine its sufficiency to give a required notice to opposing parties.12 O.S. § 1031.1

¶18 Rule 1.36(c) states: "The record on appeal will stand limited to:" and then the Rule lists the items used in support of an appellate challenge to summary judgment and final orders on motions to dismiss. Rule 1.36(c)(B) lists items in an appellate record from an appealed final order on a motion to dismiss, and this list includes: "(9) any motions, along with supporting and responsive briefs, for a new trial (re-examination) of the dismissal order."12 O.S. §1031.112 O.S. §1031.1

¶19 Requiring a new petition in error to invoke appellate review of an order denying a 12 O.S. § 1031.1Southeastern, Inc. v. Doty, and also reaffirmed after Southeastern.12 O.S. § 1031.1

¶20 We conclude: A term-time section 1031.1 motion may not be used as part of a Rule 1.36(c) record for the purpose of raising and preserving for the first time an alleged error in the antecedent order reviewed in the accelerated appeal. This conclusion is consistent with other parts of Rule 1.36, such as Rule 1.36(k) and its requirement that different appeals be prosecuted for different appealable decisions, and Southeastern, Inc. v. Doty, supra. We consider the language in 1.36 (c)(B)(9) as a trap-for-the-unwary in this case to the extent Berkson failed to distinguish a motion for new trial from a term-time motion to vacate when creating his appellate record.

¶21 Berkson argues as a procedural assignment of error he was denied an opportunity to request findings of fact and conclusions of law after the trial court announced its decision.

¶22 Historically, when a trial court did not provide timely requested findings of fact and conclusions of law relating to an adjudication on the merits,

¶23 Berkson also urges as error the form of the two orders was not proper because they failed to state whether Berkson could amend his petition. Both defendants expressly requested in their motions a dismissal with prejudice, and Berkson did not respond whether defendants were contesting the existence of Berkson's claim or if an amendment was proper pursuant to 12 O.S. § 201212 O.S.§2012

¶24 In Oklahoma, a 12 O.S. § 201212 O.S. § 2012de novo and a decision denying an amendment is based upon an abuse of discretion when allegations show futility in the amendment,

¶25 Berkson did not preserve his allegation of error concerning an opportunity to amend the petition when defendants specifically requested a dismissal with prejudice, and his response was silent on whether defendants had a burden to show futility of an amendment and if the face of Berkson's pleading showed such futility.

III. Four Assignments of Error and Standing

¶26 Berkson's petition in error has four remaining assignments of error and all relate to his legal standing to bring the action in District Court. The State's motion argued Berkson lacked standing on the face of his petition. Newberry's motion asserted Berkson lacked standing. Newberry raised facts on the face of the petition as well as a fact beyond the face of the petition and invoked judicial notice with an attached exhibit. Newberry's motion challenged the veracity of Berkson's allegation he paid the lengthy trial fund fee. Berkson's response asserted Newberry's motion was factually incorrect, and Berkson also invoked judicial notice concerning two cases on the Tulsa District Court docket

¶27 The State's argument on standing is insufficient to support a dismissal for Berkson's lack of standing. The State relied on the Oklahoma Rules of Professional Conduct Rule 1.8, and pointed to language in the first sentence of Comment [10]: "Lawyers may not subsidize lawsuits or administrative proceedings brought on behalf of their clients, including making or guaranteeing loans to their clients for living expenses, because to do so would encourage clients to pursue lawsuits that might not otherwise be brought and because such assistance gives lawyers too great a financial stake in the litigation."

These dangers do not warrant a prohibition on a lawyer lending a client court costs and litigation expenses, including the expenses of medical examination and the costs of obtaining and presenting evidence, because these advances are virtually indistinguishable from contingent fees and help ensure access to the courts. Similarly, an exception allowing lawyers representing indigent clients to pay court costs and litigation expenses regardless of whether these funds will be repaid is warranted.

This language in the Comment allows a lawyer to pay court costs for a client when the client's lawsuit is filed, and Rule 1.8 expressly allows a lawyer to advance a court cost with repayment contingent on the outcome of the client's lawsuit.

(e) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:

(1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter;
and
(2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

5 O.S.2021 Ch. 1, App. 3-A, Rule 1.8(e)(1) & (2). The State recognized the petition stated Berkson is a lawyer and pled that he "in fact does pay filing fees charged by District Court Clerks," and "Attorney [Berkson]" and Doe . . . who have paid and/or been compelled to pay, one or more times . . ."a 'Lengthy Trial Fund' fee." The State argued this language was insufficient because: "[A]n attorney cannot finance lawsuits on behalf of his clients, subject to few exceptions that Berkson has not pled . . . Berkson's clients are the true bearers of any LTF fees."

¶28 We have explained: "Notice pleading does not require pleading every fact upon which a claim is based, but merely a short and plain statement of the claim that will give fair notice of what the plaintiff's claim is and the grounds upon which it rests."12 O.S. § 2012i.e., the facial sufficiency of the allegations for the purpose of providing notice of the claim.

¶29 The State's argument that Berkson's clients are the true bearers of any LTF fees goes to whether Berkson has been damaged when he has paid the fee on behalf of a client. Berkson argued in the trial court "where Berkson's client fails to recover any money, he [Berkson] is permanently deprived of his funds." The State's challenge to the face of the petition does not challenge the fact Berkson paid funds, but whether the allegations are sufficient as a matter of law.Bowlin v. Alley, we explained a party had standing to challenge the constitutionality of a statutory attorney's fee when the party had a personal stake due to being forced to pay the fee.

¶30 Newberry's motion also cited Rule 1.8 and its exception that a lawyer may pay a filing fee for a client. Newberry argued Berkson does not have standing and cited Cities Service Co. v. Gulf Oil Corp., 1999 OK 16976 P.2d 545Cities Service was whether a lawyer, sanctioned by limiting the lawyer's participation in a client's trial which had concluded, possessed standing independent of the client to seek appellate review of the sanction order. Id. 1999 OK 16there is no reasonable likelihood that the alleged harm would be redressed by a favorable opinion." Id. 1999 OK 16

¶31 Newberry's motion does not address whether Berkson's alleged injury could be redressed by a remedy in the District Court.Cities Service Co. v. Gulf Oil Corp., supra.

¶32 Newberry's motion to dismiss also challenges the veracity of Berkson's allegation he had previously paid the court fee. Newberry relies on judicial notice for his argument. Berkson also relies on judicial notice for the issue of his standing in response.

¶33 In Farley v. City of Claremore, 2020 OK 30465 P.3d 1213Farley litigants did not dispute the judicial notice and agreed with the truth of the statements contained in the document noticed. Farley, 2020 OK 30

¶34 In a federal court, a party may, in some circumstances, raise a fact not appearing on the face of a plaintiff's complaint for the purpose of a motion to dismiss adjudicating a jurisdictional claim.

¶35 A federal court takes judicial notice when the court "recognizes the truth of a matter that is either 'generally known' or 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"12 O.S.2021 §2202

¶36 Newberry and Berkson dispute what is known concerning Berkson's standing. Newberry and Berkson attach a different meaning and significance to the facts raised by the petition and requests for judicial notice, i.e., their arguments do not show agreement between (1) a fact stated on the face of the petition or by judicial notice that must be stated to a finder of fact, and used to allege or prove and (2) the related factual proposition required for legal standing.

¶37 In both federal and Oklahoma courts an evidentiary hearing is used to adjudicate disputed jurisdictional issues of fact.

¶38 An appellant must provide an appellate record necessary to review the error assigned by the appellant, and legal error by a trial court is not presumed on appellate review.

¶39 The record is sufficient to determine whether Berkson's petition is facially sufficient for the purpose of Newberry's challenge to Berkson's legal standing alleged on the face of his petition. The petition was sufficient on its face to show standing, Bowlin v. Alley, supra.

¶40 Historically, in an appeal from a dismissal based upon a trial court sustaining a demurrer to a petition on a wrong ground, "this court will consider all grounds assigned [in the demurrer] and the order will be sustained if any such ground is well taken."Farley v. City of Claremore, supra, in the context of a non-jury adjudication in the form of a trial court's dismissal order: (1) "A long-recognized rule is that when a judgment is general in its terms and does not disclose which of several grounds it is based upon, it will not be reversed on appeal if any one of the grounds raised in the trial court is a valid basis for the judgment;" and (2) "This rule that only one legally valid basis is needed for a judgment or judicial decision applies to appellate review of a trial court's order sustaining a motion to dismiss." Id. 2020 OK 30

¶41 The two dismissal orders do not specify a ground for granting the motions to dismiss. Although Berkson's assignments of error relating to standing are correct, in part, the other defenses raised by defendants' motions are before us in the appeal, and the orders must be affirmed if one of them is sufficient for granting the motions to dismiss. One of these defenses was the constitutionality of the fee statute. Ordinarily, when legal relief is sought upon an alternative non-constitutional ground, a prudential rule of judicial restraint defers adjudication of the constitutional issue.publici juris,

IV. Special Law Claim and Dismissal Based Upon 12 O.S.2021 § 2012

¶42 We exercise a de novo appellate process when reviewing constitutionality of a state statute in the context of an order on a motion to dismiss.de novo review.

¶43 Berkson's petition alleges he must (1) pay a statutory filing fee and (2) this fee is an unconstitutional special law. The petition does not identify a provision of the constitution allegedly violated by the statute. Defendants argued Berkson was required to give them notice whether their lawsuit was based upon Okla. Const. Art. 5 § 46 or Okla. Const. Art. 5 § 59.

¶44 Berkson responded that the allegations of his petition "adequately describe the constitutional principle at issue," and the petition need not identify the constitutional provision prohibiting a special law.

¶45 A constitutional attack to a statute as a special law pursuant to Okla. Const. Art. 5 § 46 is not identical to one based upon Okla. Const. Art. 5 § 59.Zeier v. Zimmer, 2006 OK 98152 P.3d 86128 O.S. § 86

¶46 Berkson alleges a statute operates on a class of similarly affected persons, "segregates out a subset of litigants," and this creates an impermissible special law.28 O.S. § 86

2. The clerk of the court shall collect from each attorney who files a civil case, unless otherwise exempted under the provisions of this section, a fee of Ten Dollars ($10.00) per case to be paid into the Lengthy Trial Fund. A lawyer will be deemed to have filed a case at the time the first pleading or other filing on which an individual lawyer's name appears is submitted to the court for filing and opens a new case. All such fees shall be forwarded to the Administrator of the Lengthy Trial Fund for deposit. . . .

6. The following attorneys and causes of action are exempt from payment of the Lengthy Trial Fund fee:

a. government attorneys entering appearances in the course of their official duties,
b. pro se litigants,
c. cases in small claims court or the state equivalent thereof, or
d. claims seeking Social Security disability determinations, individual veterans' compensation or disability determinations, recoupment actions for government backed educational loans or mortgages, child custody and support cases, actions brought in forma pauperis, and any other filings designated by rule that involve minimal use of court resources and that customarily are not afforded the opportunity for a trial by jury.

28 O.S.2021 § 86all legal entities filing new civil cases in which either or both of the parties are customarily, statutorily, or by constitutional right entitled to a jury trial."

[J]uries are not generally empaneled in small claims, child custody/support cases, probates, cases seeking equitable relief only and others. Therefore, it is rational (not arbitrary and capricious) to exempt such matters/litigants from paying a filing fee that funds impaneling juries, as they, in the words of subsection (d), 'involve minimal use of court resources and that customarily are not afforded the opportunity for a trial by jury.'

ROA, Petition, pgs. 5-6. Berkson's response to defendants' motions explains that "not all special laws are unconstitutional," and he has no complaint concerning three of the categories in 28 O.S. § 86

¶47 Berkson objects to exempting pro se litigants because an attorney may file a pro se action and the action may then require a lengthy trial.pro se and pro se parties may engage in protracted litigation.28 O.S.2021 §86pro se plaintiffs not paying the fee.

¶48 The purpose of court fees is to reimburse the state for money that otherwise would have to be appropriated for the maintenance of the courts. Fent v. State ex. rel. Dep't of Human Services, 2010 OK 2236 P.3d 61Id. The fee "must be related to services rendered by the courts or maintenance of the courts." Id. 2010 OK 2

¶49 Two statutory classifications for a court filing fee have been discussed in our opinions, fees for maintenance and fees for performing an individual service by a clerk. For example, in Fent we mentioned court maintenance fees and discussed the example of Farabee v. Board of Trustees, Lee County Law Library, 254 So.2d 1 (Fla.1971). Fent, at ¶13, 236 P.3d at 67. Farabee explained a public court library was essential to the administration of justice, and a filing fee was an appropriate cost to be assessed against those who made use of the court system. Farabee, 254 So.2d at 5. In Naylor v. Petuskey, 1992 OK 88834 P.2d 439Id. at ¶6, 834 P.2d at 441.

¶50 A fee collected from each attorney filing a case, 28 O.S. § 8628 O.S. §8628 O.S. §86

¶51 Berkson's petition does not contend the Legislature lacks the power to create three of the four categories in §86 (D)(6). Berkson challenges the pro se exemption because it lacks "any logical connection between the nature of the action filed [by a pro se] and its likelihood of resulting in a lengthy trial."pro se attorney to seek a lengthy trial.pro se attorney's lengthy trial shows that the Legislature could not have reasonably determined that pro se plaintiffs' actions, as a class, would likely be disposed without a lengthy trial. Again, Berkson attacks the reasonableness of the legislative classification.

¶52 Generally, in some circumstances courts accord substantial deference to the predictive judgments of legislative authorities because legislative policymaking often requires a forecast of future events with an anticipation of the likely impact of these events based upon legislative deductions and inferences.

¶53 We presume a statute is constitutional when challenged.28 O.S. § 86pro se plaintiffs are not similarly situated to attorney-represented plaintiffs for the purpose of collecting a lengthy trial fund fee. Berkson's allegation is that 28 O.S. § 86pro se plaintiffs include pro se lawyers and such result has "no reasonable relationship" to the object of the statute when collecting a fee for the lengthy trial funds. Berkson's claim appears to rest upon the ideas that: (1) The Legislature could not, as a matter of law, anticipate the likely impact of section 86, and base its legislative deductions upon a conclusion that any attorney acting reasonably would obtain her or his own lawyer when possessing an action requiring a lengthy jury trial; or (2) The Legislature could not, as a matter of law, determine lawyers are less likely to file a pro se action due to certain circumstances, such as cases when there is uncertainty in obtaining a lawyer's pro se attorney's fee.

¶54 Generally, a statutory classification is constitutional as long as the classification is reasonable, there is a reasonable opportunity for uniform application on the class created, and the statute is general in its application and embraces all of the given class.28 O.S.2021 § 8628 O.S.2021 §86

V. Conclusion

¶55 We conclude the petition failed to state a claim that 28 O.S. § 86

¶56 ALL JUSTICES CONCUR.

FOOTNOTES

Smith v. City of Stillwater, 2014 OK 42328 P.3d 1192

See, e.g., Indep. Sch. Dist. No. 52 of Okla. Cty. v. Hofmeister, 2020 OK 56473 P.3d 47512 O.S. § 651

Delayed Attacks on Final Judgments, 33 Okla. L. Rev. 45, n.2 (1980) (citing 12 O.S.1971 § 1031.1Whittett v. Payne, 1961 OK 247367 P.2d 718

See, e.g., Chemco Products, Inc. v. Moley Produce Co., Inc., 1980 OK 122615 P.2d 30012 O.S.1971 § 952

Myers v. Missouri Pacific Railroad Co., 2002 OK 6052 P.3d 1014

Schepp v. Hess, 1989 OK 28770 P.2d 34

See, e.g., Bank of Okla., N.A. v. Red Arrow Marina Sales & Serv., Inc., 2009 OK 77224 P.3d 685de novo review of the summary adjudication's correctness.").

Neumann v. Arrowsmith, 2007 OK 10164 P.3d 11612 O.S. § 1031.1

12 O.S. §1031.1LCR, Inc. v. Linwood Properties, 1996 OK 73918 P.2d 1388

Compare with Okla. Sup. Ct. R.1.60 (list of interlocutory orders appealable by right and including "granting a new trial" and when a court "vacate[s] a judgment on any ground"). See also Lebus v. Carden, 1978 OK 91583 P.2d 50358 O.S.1971, Sec. 721

12 O.S.2021 § 95312 O.S. 2021 § 952See, e.g., Neumann v. Arrowsmith, supra note 11 (trial court decision vacating judgment and granting a new trial to plaintiff pursuant to 12 O.S. § 1031.1Vann v. Union Cent. Life Ins. Co., 1920 OK 243191 P. 175Yery v. Yery, 1981 OK 46629 P.2d 35712 O.S. §1031

Salyer v. National Trailer Convoy, Inc., 1986 OK 70727 P.2d 136112 O.S. § 1031.1Yery v. Yery, supra note 14.

State v. Torres, 2004 OK 1287 P.3d 572

Markwell v. Whinery's Real Estate, Inc., 1994 OK 24869 P.2d 840

1991 OK 78816 P.2d 537

Gray v. Holman, 1995 OK 118909 P.2d 776Markwell v. Whinery's Real Estate, Inc., supra note 17, 869 P.2d at 843).

12 O.S.2021 §651

See, e.g., Hardman v. Whitney, 1935 OK 118552 P.2d 881

See, e.g., In re Estate of Dicksion, 2011 OK 96286 P.3d 283Kordis v. Kordis, 2001 OK 9937 P.3d 866

Grisham v. City of Oklahoma City, 2017 OK 69404 P.3d 843

Capshaw v. Gulf Insurance Company, 2005 OK 5107 P.3d 595Fitts v. Standard Life & Accident Ins. Co., 1974 OK 60522 P.2d 104012 O.S. § 630

See, e.g., Beyrer v. The Mule, LLC, 2021 OK 45496 P.3d 98312 O.S. § 651

See, e.g., In re Adoption of M.J.S., 2007 OK 44162 P.3d 211

See, e.g., Housing Authority of Cherokee Nation of Oklahoma v. Langley, 1976 OK 142555 P.2d 102512 O.S. §611

In re Miller's Estate, 1938 OK 28978 P.2d 819See, e.g., Fitzgerald v. Caldwell, 1927 OK 234259 P. 209

Black, Sivalls & Bryson v. Farrell, 1928 OK 269268 P. 276

Coussens v. Gilmore, 1966 OK 12410 P.2d 879

First Order and Second Order was whether the dismissal was with or without prejudice . . . The Orders fail to state whether they are with or without prejudice." ROA, Exhibit 9, Plaintiffs' Motion to Reconsider or, In the Alternative, to Clarify Orders of Dismissal, pg. 68, July 22, 2022.

See, e.g., Fanning v. Brown, 2004 OK 785 P.3d 841

Dani v. Miller, 2016 OK 35374 P.3d 779

See, e.g., Nicholson v. Stitt, 2022 OK 35508 P.3d 442de novo, decision denying an amendment was reviewed for an abuse of discretion, and the petition's allegations showed the futility of an amendment).

See, e.g., Christian v. Gray, 2003 OK 1065 P.3d 591de novo on the alleged error of law).

See, e.g., Dani v. Miller, 2016 OK 35374 P.3d 779

State ex rel. Okla. Corp. Comm. v. McPherson, 2010 OK 31232 P.3d 458

Estate of Hicks v. Urban East, Inc., 2004 OK 3692 P.3d 88

Jackson v. Integra Inc., 952 F.2d 1260, 1261 (10th Cir. 1991) ("We review de novo a district court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted . . . Allegations in the plaintiff's complaint are presumed true.") (authority omitted).

Guzman v. Guzman, 2021 OK 6507 P.3d 630

Bowlin v. Alley, 1989 OK 66773 P.2d 365

See, e.g., Indep. Sch. Dist. No. 52 of Okla. Cty. v. Hofmeister, supra note 5, at ¶73, 473 P.3d at 505-06 (A party's standing is based, in part, upon an allegation of an injury in fact to a cognizable legal interest, and judicial relief sought by the party would be sufficient to remedy the injury.); Cities Serv. Co. v. Gulf Oil Corp., 1999 OK 16976 P.2d 545

City of Albuquerque v. U.S. Dep't of Interior, 379 F.3d 901, 906 (10th Cir. 2004) (quoting Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002) cert. denied, 538 U.S. 999, 123 S.Ct. 1908, 155 L.Ed.2d 826 (2003)); cf. Osage Nat. v. Bd. of Cty. Comm'rs of Osage Cty., 2017 OK 34394 P.3d 1224

Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001); Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).

Bruce v. City and County of Denver, 57 F.4th 738, n.3, 741 (10th Cir. 2023) (quoting Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)); see also Johnson v. Spencer, 950 F.3d 680, 705 (10th Cir. 2020);Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Premier Growth Fund v. Alliance Capital Mgmt., 435 F.3d 396, 401 n. 15 (3d Cir.2006)); Wittenberg v. Okla. Health Care Auth., 781 F.Supp.2d 1221, 1227 (N.D.Okla. 2011) (quoting Tal v. Hogan, supra); cf. United Water and Sanitation Dist. v. Geo-Con, Inc., 488 F.Supp.3d 1052, 1057 (D.Colo. 2020) (judicial notice of adjudicative facts not subject to reasonable dispute could not apply to judicial notice of documents used to prove the truth of the matter asserted therein in relation to a motion to dismiss raising laches).

McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 914 (8th Cir. 2014) ("Judicial notice of another court's opinion takes notice of the existence of the opinion, which is not subject to reasonable dispute over its authenticity, but not of the facts summarized in the opinion.") (quoting Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir.2001) (on a Rule 12(b)(6) motion to dismiss the court may take judicial notice of another court's opinion, but "not for the truth of the facts recited therein, but for the existence of the opinion.") (quoting Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426--27 (3rd Cir.1999)); cf. United States v. Jones, 29 F.3d 1549, 1553--54 (11th Cir. 1994) ("If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous ... [and] [m]oreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury.").

United States v. Wolny, 133 F.3d 758, 764 (10th Cir. 1998) (citing Fed. R. Evid. 201; Simon v. Taylor, 252 F.Supp.3d 1196, 1238 (D.N.M. 2017) (citing Fed. R. Evid. 201(b), (f); Leon v. Fedex Ground Package Sys., Inc., 163 F.Supp.3d 1050, 1066 (D.N.M. 2016)(Browning, J.))).

12 O.S. 2011 § 2202
A. This section governs only judicial notice of adjudicative facts.
B. A judicially noticed adjudicative fact shall not be subject to reasonable dispute in that it is either:
1. Generally known within the territorial jurisdiction of the trial court; or
2. Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
C. A court may take judicial notice, whether requested or not.
D. A court shall take judicial notice if requested by a party and supplied with the necessary information.
E. In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

See, e.g., Boyle v. ASAP Energy, Inc., 2017 OK 82408 P.3d 183factum probans (the fact which is stated), must be presented to the finder of fact to prove the factum probandum (the factual proposition to be proved) required as part of plaintiff's cause of action.).

United States v. Aluminum Co. of America, 148 F.2d 416, 445-46 (2d Cir.1945) (L. Hand, J.) (Judicial notice was taken of the report of the Truman Committee but calculations of aluminum production in the report "would not be conclusive, or more than evidence ... [and] facts which a court may judicially 'notice' do not for that reason become indisputable.").

Powers v. Dist. Ct. of Tulsa County, 2009 OK 91227 P.3d 1060cf. Paper, Allied-Indus., Chem. and Energy Workers Int'l Union v. Cont'l Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005) (citing Wheeler v. Hurdman, 825 F.2d 257, 259 n. 5 (10th Cir.1987)) (When a party's attack upon jurisdiction goes beyond the face of the pleading, the federal court has wide discretion to allow documentary and even testimonial evidence.).

Payne v. Kerns, 2020 OK 31467 P.3d 659

Hamid v. Sew Original, 1982 OK 46645 P.2d 496

Young v. Station 27, Inc., 2017 OK 68404 P.3d 829see also Crest Infiniti, II, LP v. Swinton, 2007 OK 77174 P.3d 996

12 O.S.2021 § 2012

Fischencord v. Peterson, 1935 OK 74649 P.2d 128see also Leahy v. Indian Territory Illuminating Oil Co., 1913 OK 559135 P. 416

Smith v. Westinghouse Elec. Corp., 1987 OK 3732 P.2d 466

Dutton v. City of Midwest City, 2015 OK 51353 P.3d 532Naylor v. Petuskey, 1992 OK 88834 P.2d 43928 O.S. § 152.1publici juris issue); Barzellone v. Presley, 2005 OK 86126 P.3d 588publici juris, warranting consideration by this Court").

2019 OK 45457 P.3d 1020

Farley v. City of Claremore, 2020 OK 30465 P.3d 1213

EOG Res. Mktg., Inc. v. Okla. State Bd. of Equalization, 2008 OK 95196 P.3d 51168 O.S.2001 § 2851.3Zeier v. Zimmer, 2006 OK 98152 P.3d 861Reynolds v. Porter, 1988 OK 88760 P.2d 81676 O.S.1981 § 18

Benedetti v. Cimarex Energy Co., 2018 OK 21415 P.3d 4385 O.S. 2011 § 302

If we deemed Berkson's motion to reconsider as a functional equivalent to a motion for new trial, then no additional information would be revealed because the motion is silent on a prohibited special law.

Zeir v. Zimmer, 2006 OK 98Reynolds Court attempted to eliminate the confusion between a constitutional attack brought under art. 5, § 46, containing specific legislative prohibitions, and art. 5, § 59, allowing the Legislature to pass special laws when no general law is applicable.") (note omitted).

Braitsch v. City of Tulsa, 2018 OK 100436 P.3d 14

2008 OK 65188 P.3d 177

Id.

Fent v. State ex rel. Dep't of Human Services, 2010 OK 2236 P.3d 61pro se attorney. ROA, Exhibit 5, Plaintiffs' Combined Response to Defendants' Motions to Dismiss, pg. 48, n.3, Feb. 14, 2022. Fent was a controversy exercising this Court's original jurisdiction to issue declaratory relief, and a jury trial is not part of this Court's exercise of original supervisory jurisdiction. State ex rel. Brett, Cty. Atty. v. Kenner, 1908 OK 15697 P. 258

Kitchen v. Herbert, 755 F.3d 1193, 1222-23 (10th Cir. 2014) (quoting Turner Broad. Sys., Inc. v. FCC, 520 U.S. 180, 117 S.Ct. 1174, 137 L.Ed.2d 369 (1997) and Turner Broad. Sys., Inc. v. FCC, 512 U.S. 622, 662, 114 S.Ct. 2445, 129 L.Ed.2d 497 (1994) (plurality opinion).

Kitchen v. Herbert, 755 F.3d at 1223 (quoting Heller v. Doe ex rel. Doe, 509 U.S. 312, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)

Ross v. Peters, 1993 OK 8846 P.2d 1107

Beason v. I. E. Miller Services, Inc., 2019 OK 28441 P.3d 1107Reynolds v. Porter, 1988 OK 88760 P.2d 816

2008 OK 65188 P.3d 177

Beason v. I. E. Miller Services, Inc., 2019 OK 28441 P.3d 1107Ponca Iron & Metal, 2010 OK 75242 P.3d 534

See, e.g., Weaver v. Laub, 1977 OK 242574 P.2d 609Kay v. Ehrler, 499 U.S. 432, 437-386, 111 S.Ct. 1435,113 L.Ed.2d 486 (1991) (When discussing an attorney's fee award pursuant to 42 U.S.C. § 1988, the Court opined it is better when a plaintiff does not consider himself or herself to be competent to litigate on his or her own behalf; and the Court noted the adage that "'a lawyer who represents himself has a fool for a client' is the product of years of experience by seasoned litigators.'").

Southon v. Okla. Tire Recyclers, LLC, 2019 OK 37443 P.3d 566

Fanning v. Brown, 2004 OK 785 P.3d 841